IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK LEE MULLINS, (TDCJ-CID #726336) Plaintiff, VS. DR. KLEIN, *et al.*, Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. H-14-3613 |

## MEMORANDUM ON DISMISSAL

Patrick Lee Mullins, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), filed this civil rights complaint under 42 U.S.C. § 1983. Mullins proceeds *pro se* and as a pauper under 28 U.S.C. § 1915. Mullins alleges that the defendants violated his civil rights by denying him access to the courts, inspecting his legal mail outside his presence, and denying him a wheelchair and other adaptive medical equipment. (Docket Entry No. 1-1, Complaint, pp. 11, 19).

Mullins has filed a number of other suits challenging the treatment he has received in prison. In an order dated April 15, 1998 in Civil Action Number 4:98-0626, *Patrick Lee Mullins v. M. Richter*, the court noted the large number of Mullins's lawsuits and ordered him to file a statement to show cause why his complaint should not be dismissed. The court directed Mullins to list the cause number, style, and, for those cases that had been dismissed, the reason for the dismissal.

In the same order, in bold type, the court precluded Mullins from filing new civil rights complaints unless he first complied with certain steps, as follows:

> The Clerk is instructed to refuse to accept any new civil rights complaints from this plaintiff, Patrick Lee Mullins, TDCJ-ID # 26336, unless he submits the filing fee of $150.00 or unless he obtains permission from a judicial officer.

On July 2, 1999, Mullins filed a new complaint as Civil Action No. 4:99-2143. Despite the court's earlier order, Mullins did not pay the $150.00 filing fee or seek permission from a judicial officer to file that suit. The court found that Mullins should not be permitted to litigate Civil Action Number 4:99-2143. In light of Mullins's lengthy litigation history and articulate pleadings, this court found that Mullins was capable of understanding court orders, but had willfully disregarded them by filing Civil Action Number 4:99-2143. By order dated April 27, 2001, the court dismissed Mullins's complaint in Civil Action No. 4:99-2143 and reminded him that the preclusion order entered in Civil Action No. 4:98-0626 remained in effect. This court further warned Mullins that he had to either pay the $150.00 filing fee or seek judicial permission for filing any new civil rights lawsuits before he did so.

Mullins filed yet another case without meeting those requirements. He filed Civil Action No. 4:10-1624. Mullins had also filed a civil rights complaint in the Western District of Texas in an attempt to circumvent this court's preclusion order. The Western District dismissed the case, Civil Action No. 1:09-0034, on January 23, 2009, because Mullins had violated the court's orders. Mullins against violated the court orders by filing Civil Action No. 4:11-P30, which was dismissed as a result.

Based on the sanctions imposed in Civil Action Nos. 4:98-0626 and 4:99-2143, Mullins may not proceed in the present case. His complaint is dismissed. The motion to proceed *in forma pauperis*, (Docket Entry No. 3), is denied.

SIGNED on January 20, 2015, at Houston, Texas.

                                              Lee H. Rosenthal
                                         United States District Judge